**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                              Criminal No. 15-mj-024-01-AJ

<u>Pedro Pena</u>

**ORDER ON PRELIMINARY HEARING AND DETENTION PENDING TRIAL**

On March 18, 2015, the defendant appeared for a preliminary hearing to determine whether there is probable cause to believe he committed the offense of Distribution of a Controlled Substance (Heroin) in violation of 18 U.S.C. § 841(a)(1), as outlined in a complaint dated March 13, 2015.

At the preliminary hearing, the government produced evidence through the testimony of Department of Homeland Security Special Agent Benjamin Slocum, which is incorporated by reference herein. Based on Agent Slocum's testimony, as well as the sworn affidavit of New Hampshire Attorney General Task Force Detective Christopher Gulino that was submitted with the complaint in this matter, the evidence overwhelmingly established probable cause to believe the defendant committed the offense charged.

Following the preliminary hearing, the court conducted a detention hearing on the proffers of counsel.  For the following reasons, and for the reasons more thoroughly stated on the record, the defendant shall be detained pending trial.

Based on the nature of the offense in this case, there exists a rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance ... and the safety of the community." See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).  That presumption, when combined with the various factors the court may consider in making a release determination as set forth in 18 U.S.C. § 3142(g), establish that the court can set no condition or combination of conditions which will reasonably assure the defendant's appearance or the safety of the community.  United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).

First, the "nature of the offense" is a serious drug charge that carries a potential sentence in excess of ten (10) years as well as the possibility of deportation.  Second, the "weight of the evidence" as to guilt is compelling and overwhelming: the controlled transaction in question was recorded and involved

eight (8) surveillance cars and a surveillance helicopter. Third, and particularly compelling, the defendant is facing heroin trafficking charges in Essex County Superior Court and, in fact, was released on bail in that case when he allegedly committed the instant offense.  Indeed, accepting the truth of Detective Gulino's affidavit, the confidential informant claims that he made approximately ten (10) heroin transactions with the defendant of between 100 to 200 grams per transaction since the summer of 2014.  As the Essex County charge appears to have been initiated in early June of 2014, it would appear that the defendant has engaged in very significant drug trafficking activities with the confidential informant alone while on bail in that case.  Finally, the defendant remains a citizen of the Dominican Republic and visits his three (3) children there at least once per year.  Thus, his significant ties to the Dominican Republic, when combined with the potential of deportation and the possibility of a substantial period of incarceration on the instant offense, all render the defendant to be a flight risk.

   Based on these factors, and aided by the presumption, the court concludes that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of the community.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

/s/ Daniel J. Lynch
Daniel J. Lynch
United States Magistrate Judge

Date:   March 19, 2015

cc:     Jennifer C. Davis, AUSA
        Paul J. Garrity, Esq.
        U.S. Marshal
        U.S. Probation