**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **15-CR-00188-01-JD** |
| | ) | |
| **PEDRO PENA** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION FOR DOWNWARD DEPARTURE**

NOW COMES the United States of America, by and through its attorney, Emily Gray

Rice, United States Attorney for the District of New Hampshire, and respectfully submits this

response in opposition to Defendant Pedro Pena's Memorandum in Support of Sentencing

("Def's Motion"), Document No. 23, dated April 8, 2016, in which the defendant argues that a

six month downward departure is warranted because of his "alien" status.

### *INTRODUCTION*

The parties agree with the guideline calculations contained in the Presentence

Investigation Report. *See*, *Presentence Investigation Report* ("PSR"), ¶¶ 15-37, 49-53, Document

No. 21, dated March 30, 2016. The defendant's U.S.S.G. Total Offense Level is 19 and his

Criminal History Category is I. The advisory U.S.S.G. sentencing range is 30 to 37 months of

imprisonment.[1] The government recommends that the Court impose a low end advisory

guideline sentence of 30 months of imprisonment.

### *ARGUMENT*

The underlying facts regarding the defendant's participation in the Ross Gould ("Gould")

Drug Trafficking Organization ("DTO") are undisputed. In summary and as recounted in greater

---

[1]  The defendant faced a mandatory minimum term of imprisonment of five years; however, he has met
the requirements of the "safety valve" and thus may be sentenced within the applicable U.S.S.G.
guideline sentencing range without regard to the statutory minimum sentence. *See*, 21 U.S.C. §
841(b)(1)(B)(i); 18 U.S.C. §  3553(f)(1)-(5).

detail in the PSR, between the summer of 2014 and March, 2015, that defendant was one of

Gould's Lawrence, Massachusetts-based sources of heroin and as such, delivered the drugs to

Gould or one of Gould's drug couriers at the Rockingham Mall, Salem, New Hampshire. The

defendant was arrested in March, 2015 after he delivered a quantity of heroin to an individual

cooperating with law enforcement. *PSR*, ¶¶ 8-14.

> A.  *A Six Month Departure based on the Defendant's Immigration Status is Not Warranted.*

The defendant argues for a lower sentence on the grounds that as a result of the instant

conviction and his immigration status he is likely to be deported at the end of his sentence and

will be subject to harsher conditions of confinement.

The First Circuit has made clear that downward departures based on deportability are

available only in "extraordinary" cases, *United States v. Maldonado*, 242 F.3d 1, 5 (1st Cir.

2001)(noting that Sentencing Commission knew deportable aliens commit crimes), and "the

common facts of a long sentence and likely deportation are not by themselves extraordinary," *id.*

The defendant presents little beyond the "common" fact of deportability.

Moreover, the defendant cites no First Circuit law in support of this claim that a departure

is warranted because his immigration status will preclude him from participating in certain

prison programming or allow for his early release into a community correctional facility. In fact,

no such case exists and the only relevant First Circuit authority (granted pre-Booker) tends to

undercut his request.

In *United States v. DeLeon,* 187 F.3d 60, 69 (1st Cir.), *cert. denied,* 528 U.S. 1030 (1999),

the district court had addressed whether a deportable alien "will suffer harsher treatment because

of his alien status." *Id.* at 69 n. 8. The district court in *DeLeon* had held:

I find [that argument] unimpressive.... I don't think [deportable alien status] is [a] basis for a downward departure because to create a downward departure in that situation would create a double standard ... that doesn't seem to [] me to be equal justice. So the motion for a downward departure I find is [sic] would not been [sic] justified by the facts in this case even if the Court properly can consider it. *Id.*

On appeal, the First Circuit noted that it had "not yet decided" whether "a defendant's status as a deportable alien could ... constitute a basis for a downward departure," but refused to examine the district court's alternative finding that if the court had such authority, it would nonetheless refuse to depart in that case. *See also United States v. Vasquez,* 279 F.3d 77 (*1*st Cir. 2002)(court rejected availability of departure in illegal reentry case); *Maldonado,* 242 F.3d at 4-5 (holding that the cost of incarcerating a defendant who will ultimately be deported is categorically excluded from consideration as a lawful basis for a downward departure).

The defendant has offered no facts to justify why every alien should be granted a benefit not available to American citizens. While the defendant correctly claims that his alienage may affect his right to enjoy the benefit of some prison programs, he does not argue -- nor could he -- that every citizen prisoner enjoys similar benefits.[2]

B.  *18 U.S.C. §3553(a) Factors Warrant a Sentence of 30 Months of Imprisonment*.

An advisory low end guideline sentence of 30 months of imprisonment is sufficient, but not greater than necessary, to achieve the goals of sentencing goals enumerated in 18 U.S.C. § 3553(a).  A sentence of 30 months of imprisonment reflects the seriousness of the offense, provides just punishment to the defendant, promotes respect for the law, the need for public protection from the defendant's future crimes. *See*, §§ 3553(a)(2)(A) and 3553(a)(2)(C).

---

[2]   Under 18 U.S.C. §3624(c), for example, pre-release custody is only granted "to the extent practicable" to move prisoners into transitional detention (such as half-way houses) during the last tenth of their sentences; simply put, those who do not qualify, for whatever reason, do not enjoy imprisonment in less restrictive conditions.

As importantly, a sentence of 30 months of imprisonment will provide both specific and general deterrence to the defendant and the public at large. *See*, § 3553(a)(2)(B). *See*, *United States v. Politano*, 522 F.3d 69, 75 (1st Cir. 2008) ("General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant").  A non-guideline sentence of 24 months of imprisonment would not be sufficiently severe to deter others from committing a like offense.  Contrary to deterring others, the imposition of a non-guideline sentence would suggest that the cost of violating federal drug trafficking laws is sufficiently low as to make committing the crime worth the risk.  This would contravene one of the core purposes of sentencing.

## CONCLUSION

The United States respectfully requests that the Court deny the defendant's request for a departure for the reasons stated herein and sentence the defendant to a term of imprisonment of 30 months.

Respectfully submitted,

EMILY GRAY RICE
United States Attorney

Date:   April 11, 2016                    By:              /s/ Jennifer Cole Davis
                                                     Jennifer Cole Davis
                                                     Assistant United States Attorney
                                                     NH Bar # 10222
                                                     United States Attorney's Office
                                                     53 Pleasant Street
                                                     Concord, NH 03301
                                                     (603) 225-1552
                                                     Jennifer.c.davis@usdoj.gov

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the following persons on this date and in the manner specified herein: Electronically Served through ECF to Eduardo Masferrer, Esq., counsel of record.


Date:   April 11, 2016                                     /s/ Jennifer Cole Davis
                                                            Jennifer Cole Davis
                                                            Assistant United States Attorney